UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUDSON (f/k/a HANNAH) WEBBER, | ) |
| | ) |
| Plaintiff, | ) Case: 1:26-cv-02216 |
| | ) |
| v. | ) |
| | ) |
| BRINKER INTERNATIONAL, INC. d/b/a | ) |
| CHILI'S GRILL & BAR, | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Hudson f/k/a Hannah Webber ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Brinker International, Inc. d/b/a Chili's Grill & Bar ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/ ("IHRA") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII and the IHRA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Counts II, IV, and VI through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction have been satisfied.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times relevant to the allegations in this Complaint, Plaintiff, Hudson f/k/a/ Hannah Webber, was a natural person, over 18-years-of-age, who resided in Cook County, Illinois.

10. At all times relevant to the allegations in this Complaint, Defendant, Brinker International, Inc. d/b/a Chili's Grill & Bar, was a corporation specializing in the restaurant food and beverage services that was doing business in and for Cook County, Illinois, located at 7140 Mannheim Rd., Rosemont, Illinois, 60018.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as an assistant manager from on or about April 17, 2025, until Plaintiff's unlawful termination on or about May 12, 2025.

14. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of their employment.

15. Plaintiff is a transgender man who was assigned female at birth and is a member of a protected class because of their sex and gender.

16. Since at least May 1, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within their protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII and the IHRA.

17. Prior to Plaintiff's termination, Plaintiff was repeatedly called off from scheduled shifts by management.

18. On one occasion, Plaintiff was told not to report to work because a pipe had ruptured in the restaurant and no employees would be working that day.

19. Plaintiff later learned that this explanation was false and that the restaurant had, in fact, remained open and staffed.

20. In reality, Plaintiff was intentionally being excluded from work because management did not want Plaintiff present.

21. On or about May 12, 2025, Plaintiff was contacted by the Store Manager, Martin Perez, and informed that Plaintiff's employment was being terminated.

22. During this conversation, Mr. Perez explicitly stated that the reason for Plaintiff's termination was that Plaintiff's "personal values and lifestyle values" did not align with the restaurant and that Defendant would not be moving forward with Plaintiff's employment.

23. This statement referenced Plaintiff's sex and gender identity.

24. Plaintiff asked Mr. Perez if they could speak with someone else regarding this decision.

25. Mr. Perez told Plaintiff that he and the Regional Manager, Scott (last name unknown), had jointly made the decision and that it was final.

26. Plaintiff was also told that another employee at a different location would be contacted and terminated for the same reasons, further demonstrating a pattern of discriminatory decision-making based on protected characteristics.

27. At the time Plaintiff was hired, Defendant did not inquire about Plaintiff's sex or gender identity, and Plaintiff did not disclose it during the hiring process.

28. The decision to terminate Plaintiff was made only after management became aware of Plaintiff's gender identity and expression.

29. The stated reason for Plaintiff's termination had nothing to do with Plaintiff's job performance and was instead based on discriminatory views about Plaintiff's sex and gender identity.

30. As a result of Defendant's actions, Plaintiff suffered loss of employment, loss of income, emotional distress, and humiliation.

31. Defendant's conduct was intentional, discriminatory, and in reckless disregard of Plaintiff's protected rights.

32. Plaintiff was unlawfully terminated because of their sex and gender identity on May 12, 2025.

33. Plaintiff was targeted for termination because of their sex and gender identity.

34. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

35. There is a basis for employer liability for the sex-based discrimination, harassment and retaliation to which Plaintiff was subjected.

36. At all relevant times, Store Manager Martin Perez was Plaintiff's direct supervisor and a managerial employee of Defendant with authority to make and implement final employment decisions, including the authority to terminate Plaintiff's employment; accordingly, because Plaintiff's termination was carried out by his manager acting within the scope of his employment, Defendant is strictly liable for the discriminatory termination decision.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

37. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex and gender identity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

39. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex and gender identity.

40. Plaintiff was qualified for their position as assistant manager.

41. Plaintiff met or exceeded performance expectations.

42. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

43. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and gender identity.

44. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

45. Under Title VII, Defendant is strictly liable for Plaintiff's manager's unlawful discrimination and harassment.

46. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment

5

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act (775 ILCS 5/) (Sex-Based Discrimination)

47. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex and gender identity, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

49. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex and gender identity.

50. Plaintiff was qualified for their position as assistant manager.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex and gender identity.

54. Defendant acted in willful and/or reckless disregard for Plaintiff's protected rights.

55. Under Title VII, Defendant is strictly liable for Plaintiff's manager's unlawful discrimination and harassment.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

57. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

59. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex and gender identity.

60. Plaintiff's manager subjected Plaintiff to sexually discriminatory and harassing conduct.

61. Defendant knew or should have known of the harassment.

62. The sex-based harassment was severe or pervasive.

63. The sex-based harassment was offensive subjectively and objectively.

64. The sex-based harassment was unwelcomed.

65. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

66. Under Title VII, Defendant is strictly liable for Plaintiff's manager's unlawful discrimination and harassment.

67. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Sex-Based Harassment)

68. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

70. Plaintiff is a member of a protected class under IHRA, due to Plaintiff's sex and gender identity.

71. Plaintiff's manager subjected Plaintiff to sexually discriminatory and harassing conduct.

72. Defendant knew or should have known of the harassment.

73. The sex-based harassment was severe or pervasive.

74. The sex-based harassment was offensive subjectively and objectively.

75. The sex-based harassment was unwelcomed.

76. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

77. Under IHRA, Defendant is strictly liable for Plaintiff's manager's unlawful discrimination and harassment.

78. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT V
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

79. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

80. By virtue of the conduct alleged herein, Defendant retaliated against Plaintiff because they opposed the sex-based discrimination and harassment, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

81. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex and gender identity.

82. During Plaintiff's employment with Defendant, Plaintiff reasonably opposed and complained to Defendant about sexual harassment and sex-based discrimination.

83. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

84. At all relevant times, Store Manager Martin Perez was Plaintiff's direct supervisor and a managerial employee of Defendant with authority to make and implement final employment decisions, including the authority to terminate Plaintiff's employment.

85. Accordingly, because Plaintiff's termination was carried out by their manager acting within the scope of employment, Defendant is strictly liable for the discriminatory termination decision.

86. Plaintiff suffered an adverse employment action when their employment was terminated by Defendant.

87. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

88. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT VI
**Violation of the Illinois Human Rights Act (775 ILCS 5/)**
**(Retaliation)**

89. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

9

90. By virtue of the foregoing, Defendant retaliated against Plaintiff because they opposed and reported the sex-based discrimination and harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/) ("IHRA").

91. Plaintiff is a member of a protected class under IHRA, due to Plaintiff's sex and gender identity.

92. During Plaintiff's employment with Defendant, Plaintiff reasonably opposed and complained to Defendant about sex-based discrimination and harassment.

93. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under IHRA.

94. At all relevant times, Store Manager Martin Perez was Plaintiff's direct supervisor and a managerial employee of Defendant with authority to make and implement final employment decisions, including the authority to terminate Plaintiff's employment.

95. Accordingly, because Plaintiff's termination was carried out by their manager acting within the scope of employment, Defendant is strictly liable for the discriminatory termination decision.

96. Plaintiff suffered an adverse employment action when their employment was terminated by Defendant.

97. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of IHRA.

98. As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

  a. Back pay with interest;

  b. Payment of interest on all back pay recoverable;

  c. Front pay;

  d. Loss of benefits;

  e. Compensatory and punitive damages;

  f. Reasonable attorneys' fees and costs;

  g. Award pre-judgment interest if applicable; and

  h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: February 26, 2026.

      /s/ *Chad W. Eisenback*
      CHAD W. EISENBACK, ESQ.
      NATHAN C. VOLHEIM, ESQ.
      CHASIDY K. CLARK, ESQ.
      SULAIMAN LAW GROUP, LTD.
      2500 S. Highland Avenue, Suite 200
      Lombard, Illinois 60148
      Phone: 630-575-8181
      ceisenback@atlaslawcenter.com
      nvolheim@atlaslawcenter.com
      cclark@atlaslawcenter.com
      *Counsel for Plaintiff*